IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **CONNIE RAY PALMER,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | Civil No. 7:11-CV-012-O-BL |
| **RICK THALER, Director,** ) | |
| **Texas Department of Criminal Justice,** ) | |
| **Correctional Institutions Division,** ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge |

**REPORT AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Connie Ray Palmer, a state prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the petition should be dismissed on limitations grounds.

**I.**

Palmer pled guilty to aggravated robbery on 23 February 2006. The trial court deferred an adjudication of guilt and placed Palmer on ten years community supervision. In 2009, Palmer violated the terms of his community supervision and was adjudicated guilty. He was sentenced to a 35 year prison term.

Palmer timely appealed the adjudication of guilt. However, the appellate court found that Palmer had waived his right to appeal and dismissed his appeal for want of jurisdiction on 6 August 2009. Palmer untimely filed a petition for discretionary review and it was dismissed on 9 December 2009.

Palmer filed five state writ applications.[1] The first two were dismissed because Palmer's direct appeal was pending when they were filed. The third was dismissed as being noncompliant. The fourth was denied without written order based on the trial court's findings. The fifth was dismissed pursuant to Texas Government Code § 501.0081(b)(c). Thereafter, Palmer filed this petition under 28 U.S.C. § 2254.

## II.

In his petition, Palmer contends that: (1) his deferred adjudication guilty plea was involuntary; (2) the trial court violated his due process rights when it entered the deferred adjudication order; (3) the trial court erred by amending a shock probation sentence to exceed the statutory maximum; (4) his sentence is void because it was illegally stacked in violation of the 5th Amendment; and (5) he was denied the right to appeal because of the waiver of appeal included in the 2009 plea agreement.

By order dated 24 January 2011, the court *sua sponte* questioned whether this case was subject to dismissal on limitations grounds. Defendant addressed the limitations issue in his reply and amended reply filed on 12 April 2011 and 19 April 2012, respectively. The court now determines that this case is time-barred and should be summarily dismissed.

### A.

Palmer's federal petition for writ of habeas corpus is subject to review under the amendments to the habeas corpus statutes, the Antiterrorism and Effective Death Penalty Act of 1996

---

[1] Palmer's five state writ applications were filed and dismissed on the following dates: (1) filed 23 September 2009 and dismissed 18 November 2009; (2) filed 21 January 2010 and dismissed 17 March 2010; (3) filed 31 March 2010 and dismissed 19 May 2010; (4) filed 2 June 2010 and dismissed 8 September 2010; and (5) filed 23 July 2010 and dismissed 22 September 2010.

...

("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, Section 2254 proceedings are governed by a one year statute of limitations. *See* 28 U.S.C. § 2244(d). The statue provides that the limitations period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id*. The one-year limitations period is only subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

B.

The record does not indicate that any unconstitutional "State action" prevented Palmer from filing for federal habeas corpus relief prior to the end of the limitation period. *See* 28 U.S.C. § 2244(d)(1)(B). Also, Palmer's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C). Finally, Palmer has not shown that he could not have discovered the factual predicate of his claims until a date subsequent to the date his placement on community supervision

became final. *See* 28 U.S.C. § 2244(d)(1)(D). Consequently, Palmer's limitations period began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A).

Palmer's first two claims arise out of the indictment and original guilty plea, and therefore, relate to the 2006 order that placed him on deferred adjudication community supervision. Palmer was placed on deferred adjudication on 23 February 2006. He did not appeal this deferred adjudication order, making it final on 27 March 2006, when his right to direct review expired.[2] Accordingly, the one year limitation period for filing a federal petition related to the deferred adjudication community supervision order expired on 27 March 2007. *Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005) (finding that an order of deferred adjudication is a judgment for purposes of section 2244); *see also Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (holding that Rule 6(a) of the Federal Rules of Civil Procedure applies to the computation of the one year limitation period in §2244 (d)). Palmer's state writ applications do not toll the limitations period because by the time he began filing them in 2009 and after, the limitations period had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (stating that a state habeas writ application filed after the expiration of the limitations period has no tolling effect). Thus, Palmer's first two claims, which specifically relate to the order placing him on deferred adjudication, are over three years late.

Palmer's remaining claims relate to the 22 May 2009 adjudication of his sentence. Palmer appealed this order, even though he had waived his right to appeal pursuant to a plea agreement, and

---

[2] The 30th day, 25 March 2006, was a Saturday, so his petition became due on Monday, 27 March 2006. *See* FED.R.CIV.P. 6(a).

it was dismissed for want of jurisdiction on 6 August 2009.[3]

The Director argues, "when the waiver of a right to appeal is an express term of the plea agreement the[] the statute of limitations starts on the day the defendant is sentenced." The Director cites to several opinions of our sister court in the Southern District of Texas in support of this proposition, but that authority is not binding on this court. Indeed, there is no consensus on this issue among the district courts of Texas,[4] and the Fifth Circuit has not yet decided the issue. In this court's view, however, at least two Fifth Circuit cases are instructive.

In *Rodriguez v. Thaler*, the Fifth Circuit granted a Certificate of Appealability as to "whether an appellate proceeding that results in a dismissal pursuant to the enforcement of an appeal waiver . . . constitute[s] 'direct review' under § 2244(d)(1)(A)." 664 F.3d 952, 953 (5th Cir. 2011). The court, however, decided the appeal on another ground. 664 F.3d at 953 n.1. Notwithstanding, the court offered some guidance by explaining that, "we have made clear in a related context that '[t]he merits of [a hypothetical post-conviction petition] are simply not germane to the analysis of whether the availability of direct appeal to the state courts . . . has been exhausted." *Id.* (citing *Mark v. Thaler*, 646 F.3d 191, 194 (5th Cir. 2011)) (quotations and citation omitted). Further, in *Foreman*

---

[3] Palmer argues that the appellate court's judgment did not become final until it issued its mandate on 25 January 2010, and his limitations period should be calculated from that date. This argument has been expressly rejected by the Fifth Circuit. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

[4] *See Rodriguez v. Thaler,* No. V-09-28, 2010 WL 1558622 (S.D. Tex. April 15, 2010) (supporting Director's contention)*; Galindo v. Thaler*, No. V-08-56, 2010 WL 774170 at *2 (S.D. Tex. March 2, 2010). *But see Dye v. Director, TDCJ-CID*, No. 6: 11-CV-55, 2011 WL 7040457 at *3 (E.D. Tex. December 15, 2011) (rejecting Director's argument and applying normal rule); *Eckenrode v. United States*, No. EP-00-CA-027, 2000 WL 33348759 at *2 (W.D. Tex. August 2, 2000); *Novak v. Quarterman*, No. 4: 07-CV-043-A, 2007 WL 1953439 at *2 n.2 (N.D. Tex. June 26, 2007).

*v. Dretke*, the court considered "whether 'direct review' for AEDPA limitations purposes includes Petitioner's timely-filed state appeal, which the state court lacked jurisdiction to consider." 383 F.3d 336, 337 (5th Cir. 2004). The "[Director asked the court] to read the phrase 'valid' into AEDPA's 'direct review' language by asserting that direct review can only mean jurisdictionally-valid review," but the court rejected that argument. *Id*. at 340. The court explained that relevant Supreme Court precedent "cautions against reading phrases or merits-related requirements into AEDPA's language" and "encourages us to look to the actual state processes that a petitioner has used." *Id*. The court held that its only concern was "whether [Petitioner] filed a timely appeal in the state court system" irrespective of the merit of that appeal. *Id*. Read together, *Rodriguez* and *Foreman* militate against the Director's argument. In the absence of controlling precedent to the contrary, this court rejects the Director's argument and calculates the limitations period with the normal 30–day rule.

Notwithstanding the application of the 30–day rule, Palmer's federal writ is still time-barred. Palmer's conviction became final on 7 September 2009, thirty days after the appellate court affirmed his conviction, when the time for filing a petition for discretionary review ("PDR") with the Texas Court of Criminal Appeals had expired. *See* Tex. R. App. P. 68.2(a). His untimely filed PDR is not considered in AEDPA calculation. *See Mark*, 646 F.3d at 193 (stating that a Petitioner's "conviction becomes final under AEDPA at the end of the 30–day period in which he could have filed a PDR—that is, "when the time for seeking further direct review expired."). Thus, he had until 7 September 2010 to file his federal writ.

Palmer's first three state writs were not properly filed, therefore, only his final two state writs tolled the limitations period. *See Larry v. Dretke*, 361 F.3d 890, 894 (5th Cir. 2004)(explaining a state writ filed while direct appeal pending is not properly filed); *Edwards v. Dretke*, 116 F. App'x

470, 471 (5th Cir. 2004) (explaining state writ dismissed as noncompliant is not properly filed). His fourth state writ, filed 2 June 2010 and denied 8 September 2010 would toll the limitations period for 98 days. His fifth state writ, filed on 23 July 2010 and dismissed on 22 September 2010 would add an additional 14 days of tolling, making his federal writ due 28 December 2010. Palmer's federal writ, filed 12 January 2011, was a little over two weeks late.

Finally, Palmer has not alleged any facts that could support a finding that equitable tolling applies. Generally, to establish entitlement to equitable tolling a petitioner bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2009). Palmer has not demonstrated that he was diligent or that any extraordinary circumstance prevented him from timely filing. Although he argues that his appellate counsel's ineffectiveness is to blame for the late filing of his federal habeas petition, the Fifth Circuit has held that "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir.2002); *see also United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) ("Ineffective assistance of counsel is irrelevant to the tolling decision."). Palmer also vaguely claims that the state trial court and his attorney affirmatively misled him to believe that his guilty plea and sentence were constitutional, when in fact they were not. Said another way, Palmer claims that the trial court and his attorney intentionally kept him ignorant of the law. However, "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Consequently, Palmer is not entitled to equitable tolling.

## RECOMMENDATION

It plainly appears from the face of the motion and the record of prior proceedings that this case is barred by limitations. Accordingly, Palmer's petition for writ of habeas corpus should be summarily dismissed. *See* Rule 4, Rules Governing Section 2254 Cases.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within l4 days after being served with a copy. *See* 28 U.S.C. § 636(b)(l); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F. 3d 1415, l4l7 (5th Cir. 1996).

Dated: 14 June 2012.

/s/ E. Scott Frost
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**